NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2086
_____

CYNTHIA A. SIWULEC,

Appellant

v.

J.M. ADJUSTMENT SERVICES, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-04193)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Argued January 23, 2012
Before:  FISHER and GREENAWAY, JR., *Circuit Judges*, and JONES,[*] *District Judge*.

(Filed: March 1, 2012)

Cathleen M. Combs (Argued)
Daniel A. Edelman
Edelman Combs Latturner & Goodwin
120 South LaSalle Street, Suite 1800
Chicago, IL  60603

Lawrence Katz
445 Central Avenue, Suite 201
Cedarhurst, NY 11516
        *Counsel for Appellant*

---

[*]The Honorable John E. Jones, III, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

James W. Gicking (Argued)
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

Walter F. Kawalec
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East
Woodland Falls Corporate Park, Suite 300
Cherry Hill, NJ  08002

Thomas F. McGuane
McElroy, Deutsch, Mulvaney & Carpenter
100 Mulberry Street
Three Gateway Center
Newark, NJ  07102
		*Counsel for Appellee*

———————

OPINION OF THE COURT
———————

JONES, *District Judge*.

On April 27, 2011, Cynthia A. Siwulec ("Appellant" or "Siwulec") filed a Notice of Appeal with the Court challenging the District Court of New Jersey's order dismissing her amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, we shall reverse the order of the District Court and remand for further proceedings.

## I. Factual Background[1]

On about May 10, 2010, Siwulec, a resident of Rumson, New Jersey, was visited at her residence by a representative of J.M. Adjustment Services, LLC ("JMAS") and handed an envelope containing a letter from Chase, her lender. The letter sought information from Siwulec to assist Chase in "resolv[ing]" a home mortgage loan that Chase alleged was "past due." Appellant alleged that the information requested by the letter was to be used to collect her outstanding debt. Siwulec notes that the home mortgage loan was obtained for personal, family or household purposes to pay for a residence, and was not a loan secured for business purposes.

After accepting the letter from JMAS' field agent, Siwulec noticed that the agent had dropped additional documents on her lawn. She claimed that the dropped or discarded documents contained standard instructions and procedures provided by JMAS to its agents. Siwulec also asserted that at no point during the interaction between herself and JMAS' agent was she provided with any of the disclosures required by the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692g, 1692e(11) (mandating that debt collectors disclose original creditor, details of debt, and fact that any information provided will be used to collect debt). Finally, she highlighted that on its website, JMAS

---

[1] Unless otherwise noted, the following facts are derived from Appellant's amended complaint. Moreover, because we write primarily for the parties, we shall only provide a brief recitation of the facts below, supplementing our analysis with additional details as necessary.

claimed to be in "Full compliance with FDCPA and [Gramm-Leach-Bliley Act] requirements."

## II. Procedural History

Siwulec filed her original complaint against JMAS on August 14, 2010. JMAS filed a motion for a more definite statement on November 22, 2010. Siwulec responded by filing an amended class action complaint alleging a single claim under the FDCPA, 15 U.S.C. § 1692g, on behalf of herself and a class of more than fifty (50) natural persons in New Jersey or New York. She alleged that JMAS had violated the FDCPA by failing to make the disclosures it requires of all debt collectors. Subsequently, JMAS filed its motion to dismiss on January 5, 2011. Following full briefing on the motion, the District Court issued a memorandum and order on April 1, 2011 granting the motion to dismiss. It found that the services provided by JMAS qualified it as a messenger for Chase, rather than a debt collector in its own right. It was therefore not required to provide FDCPA-required disclosures on its own behalf.

## III. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Siwulec's claim under 15 U.S.C. § 1692k and 28 U.S.C. § 1331. We have appellate jurisdiction over Siwulec's appeal under 28 U.S.C. § 1291.

This Court exercises plenary review of a district court's grant of a motion to dismiss. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "When considering an appeal from a dismissal of a complaint pursuant to Rule 12(b)(6), we

4

accept as true all well-pled factual allegations." *Santiago v. GMAC Mort. Grp, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005). Moreover, we "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 224. In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (marks and citations omitted).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570)). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir.

5

2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that a defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. at 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

**IV.    Discussion**

The primary issue before the Court is whether the District Court erred in concluding that JMAS does not qualify as a "debt collector" under the FDCPA and therefore need not make the disclosures required by that act.  The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .

15 U.S.C. § 1692a(6).  As the lower court recognized, the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Although this Court has held that "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt,'" *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987), the first determination must be whether the entity alleged to be engaged in the debt collection activity regularly collects debt or whether debt collection is the principal purpose of its business.

In finding that JMAS was not a debt collector, the District Court erred in two respects.  First, it concentrated on whether JMAS's activities had been deceptive, although the FDCPA's definition of debt collector makes no reference to that inquiry.  It

7

stated that the "debt collection activity in this case pales by comparison to the deceptive activity" in a Ninth Circuit FDCPA case and that "facts alleged by Plaintiff do not indicate that [JMAS] used deceptive or harassing means of delivering Chase's message." (App. 25-26) (citing *Romine v. Diversified Collection Servs., Inc.,* 155 F.3d 1142 (9th Cir. 1998). This logic relies upon a kind of circular reasoning at odds with the FDCPA itself. The FDCPA mandates that all debt collectors make disclosures, regardless of whether they engage in deceptive practices, as a safeguard against deception. Whether or not a debt collector acts deceptively is clearly not part of what makes it a debt collector subject to the FDCPA's requirements.

The District Court's second logical error is perhaps more troubling. In determining whether JMAS is an indirect debt collector, it focused almost exclusively on the actions that Siwulec alleged JMAS took with respect to her, although the statutory definition of debt collector turns on "the principal purpose" of a business and/or the "regular[ ] collect[ion] of debts." 15 U.S.C. § 1692a(6).[2] The District Court noted that the JMAS representative is alleged to have taken just two actions with respect to Siwulec: the delivery of the letter and the dropping of the instructions on her lawn. (App. 24.) It noted that Siwulec had not alleged that JMAS "sought or obtained [ ] information about her property or her personal contact information, or that JMAS conveys such information

---

[2] Congress stated that "the requirement that debt collection be done 'regularly' would exclude a person who collects debt for another in an isolated instance, but would include those who collect for others in the regular course of business." S. Rep. No. 95-382, 95th Cong. 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697-98.

8

to lenders." (*Id.* at 25.) It then concluded that "the alleged delivery of the Chase letter would be nothing more than messenger service" and that JMAS therefore did not fall within the purview of the FDCPA. (*Id.* at 26-27.)

Siwulec alleges much more with regard to the principal purpose of JMAS's business than its actions with respect to her. Her complaint includes statements from JMAS's website promoting its services to debt collectors and advertising its compliance with the FDCPA. She also includes the text of the instructions dropped on her lawn, which make clear that JMAS contracted with Chase to gather information both from alleged debtors and through its own on-site investigation of their properties. These allegations are well-pled and we must accept them as true. *Santiago*, 417 F.3d at 386.

Given the facts as alleged, JMAS is no mere messenger service for debt collectors. *Compare Udis v. Universal Comms. Co.*, 56 P.3d 1177 (Colo. Ct. App. 2002) (finding *Romine* persuasive on interpretation of Colorado's analogous FDCPA and holding that a company that markets its services gathering debtor contact-information to debt collectors is covered by the Act) *with Laubach v. Arrow Serv. Bureau, Inc.*, 987 F. Supp. 625, 631-32 (N.D. Ill. 1997) (holding that printing and mailing of collection letters on behalf of debt collector did not render mailing company debt collector for FDCPA purposes). In addition to delivering letters, JMAS representatives are instructed to urge alleged debtors, in person, to call the creditor while they watched. They were to gather contact information from the debtors directly, to speak with their neighbors, and to conduct a visual assessment of their properties. These activities bring JMAS out of any messenger

9

exception and into the coverage of the FDCPA, which was certainly intended to regulate in-person debt collection visits.

Consequently, we find that the amended complaint sufficiently alleged that JMAS was a debt collector for purposes of the FDCPA because the principal purpose of JMAS's business is the collection of debts and JMAS regularly engages in indirect debt collection. The District Court's subsequent dismissal of the case was therefore in error based on a plain reading of the well-pled facts in the amended complaint.

## V.  Conclusion

For the reasons stated above, we will reverse the order of the District Court dismissing Siwulec's amended complaint.  We shall remand for further proceedings consistent with this opinion.

10